# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| JOHN J. LYNCH, SR., | : | Bankruptcy No. 04-12751DWS |
| | : | |
| Debtor. | : | |

# ORDER

**AND NOW**, this 22nd day of April 2005, upon consideration of the Motion (the "Amend Motion") of Steffa Metals Co., Inc. ("Steffa") to Amend Findings by the Court and Order Entered April 6, 2005 (the "Order") pursuant to Fed.R.Bankr.P. 7052;

**And** the Court finding it unnecessary to conduct a hearing thereon, 11 U.S.C. § 102(1) ("after notice and hearing" means "such opportunity for hearing as is appropriate under the circumstances");

**And** this Court having entered the Order memorializing a bench order denying Debtor's Motion for Contempt for violation of the automatic stay because, inter alia, there was no bankruptcy case and therefore no automatic stay in place when the Debtor's Tow Truck and Ford Sedan were seized;

**And** the written order (versus the bench order) having misstated the chronology but not the factual finding and legal conclusion stated above;

**And** the Amend Motion requesting that the Court correct the Order to accurately reflect the record and the bench order;[1]

**And** the Court having reviewed the record made at the hearing and determining that the Amend Motion should be granted as correctly pointing to the errors of fact contained therein;

It is hereby **ORDERED** that:

1. Page 2, paragraph 2 (1) of the Order should be amended to read, "[T]he seizure of the Tow Truck and Ford Sedan occurred on May 4, 2000 after the dismissal of the prior bankruptcy case on May 3, 2000."

2. Footnote 3 of the Order should be amended to read, "Debtor's testimony at the July 1, 2004 hearing that the seizure occurred on May 1 before his bankruptcy case was dismissed is false."

3. The hearing scheduled on the Amend Motion by Steffa shall be cancelled.

                                              DIANE WEISS SIGMUND
                                              Chief U.S. Bankruptcy Judge

---

[1] Pursuant to Fed.R.Civ.P. 8002(b) if a party files a timely motion for leave under Fed.R. Bankr. 52 (incorporated in bankruptcy by Bankruptcy Rule 7052), the time for filing an appeal shall run from the entry of the order disposing of the appeal. Debtor has already filed an appeal of the Order which was entered in the docket contemporaneously with the Amend Motion. While the notice of appeal was not effective due to the pendency of the Amend Motion, it is effective with this order, and it is not necessary for a further notice of appeal to be filed.

-3-

Copies to:

John J. Lynch, Sr.
6046 Roosevelt Blvd.
Philadelphia, PA  19149

Bonnie MacDougal Kistler, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107